NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 20-1575

_____

ANDY BUXTON,

Appellant

v.

IVA C. DOUGHERTY; KATIE WYMARD; RICHARD MILLER;
CHRISTOPHER ANTONUCCI; ROBERT MARSILI; AMBER NOEL;
SCOTT SHANK; RIVERS CASINO; ATTORNEY GENERALS OFFICE;
ANDREW TOTH; DAN SAMMARTINO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:15-cv-01653
District Judge: Honorable Joy Flowers Conti

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 27, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 14, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Andy Buxton appeals the District Court's grant of summary judgment in favor of Rivers Casino. We will affirm.

As we write mainly for the parties, who are familiar with the lengthy procedural background in this case, we provide only a brief summary here. Buxton originally filed a complaint against several employees of the Pennsylvania Attorney General's Office alleging that they conspired with others to bring charges against him based on fabricated evidence. Buxton then twice amended his complaint, adding a total of twelve defendants, including Rivers Casino. While all other defendants were dismissed with prejudice,[1] the District Court allowed the civil conspiracy and fabrication of evidence claims against Rivers Casino to proceed.

The undisputed facts[2] reveal that Rivers Casino received a grand jury subpoena, which directed the casino to produce player information and surveillance history about Buxton.

---

[1] Despite Buxton's conclusory contentions to the contrary, the District Court's dismissal of the other defendants was proper. Buxton failed to attach a certificate of merit to his complaint to support his malpractice claims against his former attorney. See Schmigel v. Uchal, 800 F.3d 113, 119 (3d Cir. 2015). Buxton's allegations against the eight defendants who worked for the Pennsylvania Attorney General stemmed from their preparation of the case and are barred by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Black v. Bayer, 672 F.2d 309, 321 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992). Buxton's claim against a police officer grounded on testimony given against him is barred by absolute witness immunity. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983). Finally, Buxton's claims against Allegheny County and North Huntingdon pursuant to Monell v. Department of Social Services, 436 U.S. 658, 692 (1978), failed because Buxton did not allege a policy or custom that caused his alleged constitutional violations.

[2] We agree with the District Court that Buxton's statement of undisputed material facts

Rivers Casino complied and produced copies of electronic customer activity reports, transaction reports, and W-9s related to Buxton. Rivers Casino received a second subpoena that sought the same information but for a different time period; Rivers Casino again complied. A final subpoena was issued directing Rivers Casino to produce surveillance footage of Buxton for a certain time period. Rivers Casino provided all surveillance footage that was requested. Rivers Casino stated that it does not have any reason to believe that the information it provided in response to the subpoenas is inaccurate in any respect.

The District Court granted summary judgment in favor of Rivers Casino. It held that Buxton failed to prove that Rivers Casino was a state actor, which precluded liability under § 1983. The District Court also held that, even if Rivers Casino were a state actor, Buxton failed to present evidence that it conspired with another actor to deprive him of his constitutional rights. The District Court finally determined that Buxton failed to present evidence of a conspiracy under Pennsylvania state law. Buxton appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. See S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to "come forward with specific

_____

relies primarily on speculation and legal conclusions. It also fails to genuinely dispute the facts as reported in Rivers Casino's statement of undisputed material facts.

3

facts" showing that there is a genuine issue for trial. See Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (internal quotation marks omitted). We may affirm on any basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

To prevail on his claim under § 1983, Buxton must show not only that Rivers Casino violated his constitutional rights, but also that it acted under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Buxton bears the burden of proving that Rivers Casino acted under the color of state law. Robert S. v. Stetson Sch., Inc., 256 F.3d 159, 164 (3d Cir. 2001). The record reveals that Rivers Casino merely responded to a grand jury subpoena by providing the documents that the prosecutor requested. Though Buxton stated in an affidavit that Rivers Casino was conspiring with the state prosecutors, he provided no evidence to support such a claim and did not meet his burden of proving that Rivers Casino acted under the color of state law.

In any event, there is no evidence in the record (other than Buxton's conclusory assertions) that any constitutional violation occurred. Buxton claims that Rivers Casino conspired with the Attorney General's Office in a scheme to cover up mismanagement at the casino, but he has provided very weak supporting evidence of any such conspiracy.[3] He also alleged that Rivers Casino provided "inaccurate, fabricated, and incomplete" evidence in response to the grand jury subpoenas. However, Buxton provided no reason to doubt

---

[3] For the same reason, Buxton's state law conspiracy claim fails. Apart from his own speculative affidavits, Buxton provided email exchanges between the Gaming Agent at the Pennsylvania Office of Attorney General and various personnel at Rivers Casino. However, the emails pertain only to trial scheduling matters.

that the information provided to prosecutors came directly from the casino's electronic management system.

Accordingly, we will affirm the District Court's judgment. Buxton's motion for appointment of counsel is denied.